UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES H. BALLARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14CV1600 RLW |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of James Ballard for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

## I. Procedural History

Petitioner James Ballard is currently incarcerated at the Southeast Correctional Center located in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of Montgomery County, Missouri. (Resp't's Ex. B pp. 5, 8) On July 28, 2010, a jury found Petitioner guilty of one count of first-degree sodomy, two counts of first-degree endangering the welfare of a child, one count of second degree statutory sodomy, and three counts of use of a child in sexual performance.[1] (*Id.* pp. 5, 8, 25) On September 27, 2010, the trial court sentenced Petitioner to 30 years' imprisonment on the first-degree sodomy conviction and 15 years' imprisonment on each remaining count, said sentences to run concurrently. (*Id.* at pp. 5, 8, 26; Resp't's Ex. I pp. 1-2)

---

[1] Contrary to the Missouri Court of Appeals Order of November 22, 2011, the Judgment in the underlying case indicates that the jury returned a guilty verdict on three counts of use of a child in sexual performance. (Resp't's Ex. B p. 8; *but see* Resp't's Ex. E p. 1)

Petitioner appealed the judgment, and on November 22, 2011, the Missouri Court of Appeals affirmed the judgment of the trial court. (Resp't's Ex. E) Petitioner then filed a motion for rehearing and/or transfer to the Supreme Court of Missouri in the Missouri Court of Appeals. (Resp't's Ex. K) The motion was denied on January 10, 2012. (*Id.*) Petitioner did not file a request to transfer in the Supreme Court of Missouri. *See* Mo. S. Ct. R. 83.04.

On March 1, 2012, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp't's Ex. F pp. 7-12) The motion court denied Petitioner's motion on the basis that the *Forma Pauperis* Affidavit was not notarized. (*Id.* at p. 13) Petitioner filed a second motion for post-conviction relief with a notarized affidavit on April 2, 2012. (*Id.* at pp. 14-19) Appointed counsel filed an amended Rule 29.15 motion on or about August 6, 2012. (*Id.* at pp. 27-31) On November 1, 2012, the motion court denied Petitioner's motion for Rule 29.15 post-conviction relief. (*Id.* at pp. 33-42)

Petitioner appealed the motion court's denial of post-conviction relief, and on September 17, 2013, the Missouri Court of Appeals affirmed the motion court's judgment denying Petitioner's Rule 29.15 motion for post-conviction relief. (Resp't's Ex. I) The Missouri Court of Appeals issued its Mandate on October 10, 2013. (*Id.* at pp. 10-11)

On September 12, 2014, Petitioner filed the present petition for habeas relief in federal court. (ECF No. 1) Petitioner alleges three grounds in his petition: (1) the trial court erred in denying Petitioner's constitutional right to self-representation; (2) the trial court erred in excluding certain evidence; and (3) trial counsel was ineffective for failure to call witnesses or object to the prosecution's line of questioning.

## II. Discussion

Respondent asserts that Petitioner's habeas petition is untimely and that Petitioner has failed to demonstrate that equitable tolling is warranted. Thus, Respondent argues that the Court must dismiss the petition as time-barred. Petitioner claims that he filed his petition on day 365 such that the petition is timely.

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). However, "'the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'" *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).

Here, Respondent asserts that the Missouri Court of Appeals denied Petitioner's motion for rehearing and/or to transfer on January 10, 2012, after which Petitioner had 15 days to file a motion to transfer in the Supreme Court of Missouri and request review. Mo. S. Ct. R. 83.04. Thus, the statute of limitations began running on January 25, 2012, when the time for seeking direct review expired. Petitioner, on the other hand, contends that his conviction did not become final, and the statute of limitations did not begin to run, until February 1, 2012, the date the Missouri Court of Appeals issued the Mandate.

3

The Court finds that Petitioner's habeas petition is time-barred under the AEDPA. In *Gonzales v. Thaler*, the United States Supreme Court held that, for petitioner who do not pursue direct review all the way to the United States Supreme Court, the judgment becomes final "when [the] time for seeking review with the State's highest court expire[s]." 565 U.S. 134, 150 (2012); *see also King v. Hobbs*, 666 F.3d 1132, 1135 n. 2 (8th Cir. 2012) (noting that the Supreme Court's decision in *Gonzales v. Thaler* abrogated the Eighth Circuit's determination that the direct-appeal mandate was the conclusion of direct review in a habeas petitioner's case). The Supreme Court of Missouri is the State's highest court. *King*, 666 F.3d at 1135. Under Missouri law:

> If an application for transfer under Rule 83.02 has been denied, the case may be transferred by order of this Court on application of a party for any of the reasons specified in Rule 83.02 or for the reason that the opinion filed is contrary to a previous decision of an appellate court of this state. Application for such transfer shall be filed in this Court within 15 days of the date on which transfer was denied by the court of appeals.

Mo. S. Ct. R. 83.04.

The Missouri Court of Appeals denied Petitioner's motion for rehearing and/or transfer to the Supreme Court of Missouri on January 10, 2012. Petitioner had 15 days, or until January 25, 2012, to file an application for transfer in the Supreme Court of Missouri. Thus, the one-year statute of limitations under the AEDPA began to run on January 25, 2012. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date than an application for state post-conviction relief is filed counts against the one-year period."). Petitioner filed his *pro se* motion for post-conviction relief 36 days later on March 1, 2012, tolling the limitation period. Petitioner then had 330 days remaining to file his habeas petition. The Missouri Court of Appeals issued its Mandate affirming the denial of Petitioner's Rule 29.15 motion on October 10, 2013. Thus, Petitioner's

4

habeas petition was due September 5, 2014. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) ("Under Missouri state court procedures, [petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate . . . .").

However, Petitioner did not file his habeas petition until September 12, 2014, 7 days after the petition was due. Thus, the Court finds that the Petition for Writ of Habeas Corpus is untimely. *See Mack v. Wallace*, No. 16-0006-CV-S-BCW-P, 2016 WL 3014701, at *1 (W.D. Mo. May 24, 2016) (finding habeas petition untimely where petitioner did not file a motion for rehearing or transfer such that the petitioner's conviction became final 15 days later; the motion for post-conviction relief tolled the limitations period until the issuance of the mandate; and petitioner mailed his federal habeas petition 66 days past the time limit under 28 U.S.C. § 2244(d)).

Further, while not raised by the Petitioner, the Court finds that the mailbox rule does not apply to Petitioner's habeas petition. "[F]or purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir.1999), *abrogated on other grounds by Riddle v. Kemma,* 523 F.3d 850 (8th Cir.2008). Under this rule, "a pro se inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Id.* at 1077 n. 5 (citing Fed. R. App. P. 4(c)(1)). Rule 3(d) of the Rules Governing § 2254 Cases in the United States District Courts provides: "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

5

Here, the Petition does not state the date of deposit into the prison mailing system but instead indicates that Petitioner sent the Petition to a friend and then the Petition was re-mailed. (ECF No. 1 p. 15) Further, the envelope contains no post-marked date. "Because [Petitioner] failed to provide any evidence of the date on which he mailed his petition, he may not avail himself of the benefits of the prison mailbox rule." *Henderson-El v. Maschner*, 180 F.3d 984, 986 (8th Cir. 1999). Thus, the Court deems the Petition filed as of the date it was received and file stamped by the Clerk of the Court on September 12, 2014. Indeed, Petitioner acknowledges in his traverse that the Petition was filed on September 12, 2014. (ECF No. 11 p. 2) As such, the Court finds that the Petition is time-barred.

The Court notes that in some instances, the time period set forth in 28 U.S.C. § 2241(d)(1) can be subject to equitable tolling. "Under the doctrine of equitable tolling, § 2244(d)'s statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Here, Petitioner asserts that the Respondent is incorrect in its calculations. (ECF No. 11 p. 2) However, as demonstrated above, Petitioner's calculations are erroneous. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Further, failure to recognize the importance of the one-year statute of limitations under the AEDPA is not an extraordinary circumstance beyond Petitioner's control which would warrant equitable tolling. *Cross-Bey v. Gammon*, 322 F.3d 2012, 1016 (8th Cir. 2003). The Court therefore finds that equitable tolling is not justified in this case, and the Court will dismiss the petition as untimely.

### III. Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds, [Petitioner] must demonstrate both 'that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court finds that Petitioner's federal habeas petition is clearly time-barred under the ADEPA, and no reasonable jurist could find the petition was timely filed. Therefore, no certificate of appealibility will issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of James H. Ballard for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. A separate judgment in accordance with this Memorandum and Order is entered on this same date.

Dated this 26th day of July, 2017.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE